HOWARD HOTEL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87393.   Promulgated May 26, 1939.

*William E. Davis, Esq.*, and *R. N. Tremble, C. P. A.*, for the petitioner.

*C. C. Holmes, Esq.*, for the respondent.

1150

OPINION.

LEECH: Respondent admits that petitioner is entitled to a deduction for depreciation on its furniture and fixtures for each of the years involved. The basis for the computation of that depreciation is the subject of our only inquiry.

The respondent contends that petitioner purchased this equipment from the Commercial Investment Trust, Inc., for $22,500 and that this amount therefore constitutes petitioner's basis for depreciation of the equipment. The petitioner argues that such basis is the cost of the furniture and fixtures to DeWitt.

The Revenue Acts of 1932 and 1934 apply. The pertinent sections of those acts are identical. The basis for depreciation there provided, is the cost of the furniture and fixtures to petitioner (secs. 114 (a), 113 (a) and (b)), unless they were acquired by petitioner "in connection with a reorganization, and immediately after the transfer an interest or control in such property of 50 per centum or more remained in the same persons or any of them," and no gain or loss was recognized to the transferor in their transfer to petitioner. Sec. 113 (a) (7).[1]

Since the Revenue Act of 1932 was in effect when the transfer to petitioner occurred, whether gain or loss was recognized to petitioner as a result of that transaction is answered by applying section 112 (b) (4) and section 112 (g) of that act. These sections follow:

SEC. 112. RECOGNITION OF GAIN OR LOSS.

*        *        *        *        *        *        *

(b) EXCHANGES SOLELY IN KIND.—

*        *        *        *        *        *        *

(4) SAME—GAIN OF CORPORATION.—No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

*        *        *        *        *        *        *

(g) DISTRIBUTION OF STOCK ON REORGANIZATION.—If there is distributed, in pursuance of a plan of reorganization, to a shareholder in a corporation a party to the reorganization, stock or securities in such corporation or in another corporation a party to the reorganization, without the surrender by such share-

---

[1] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

*        *        *        *        *        *        *

(7) TRANSFERS TO CORPORATION WHERE CONTROL OF PROPERTY REMAINS IN SAME PERSONS.—If the property was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 50 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. This paragraph shall not apply if the property acquired consists of stock or securities in a corporation a party to the reorganization, unless acquired by the issuance of stock or securities of the transferee as the consideration in whole or in part for the transfer.

holder of stock or securities in such a corporation, no gain to the distributee from the receipt of such stock or securities shall be recognized.

In section 112 (i) (1) (B) of that act, a statutory reorganization is defined as "a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred."

Obviously, there was a plan here. But to apply section 112 (b) (4), the plan as adopted and executed must have included a statutory reorganization under section 112 (i) (1) (B), *supra*. *Edison Securities Corporation*, 34 B. T. A. 1188. The determination of the existence of that condition depends upon whether the several steps in the plan are to be considered separately or as a single transaction here. That is the ultimate question, upon the answer to which the decision of the issue rests.

To sustain the theory of respondent, the steps in the plan must be viewed as isolated and separate transactions, from which it would necessarily follow that Walter W. Lee bought all the issued stock of petitioner for $100 which was paid by merely endorsing and returning to petitioner its check in that amount just given to Lee for services in organizing the petitioner. It would likewise then follow that DeWitt deliberately gave away, without consideration, its equity in the furniture and fixtures admittedly then worth $132,448.20.

Neither reason nor authority supports either such conclusion. *Starr* v. *Commissioner*, 82 Fed. (2d) 964; *Edwin L. Dana*, 36 B. T. A. 231.

"Taxation is an intensely practical matter * * *." *Farmers Loan & Trust Co.* v. *Minnesota*, 280 U. S. 204. The underlying purpose of the reorganization provisions of the revenue acts has never been changed. That purpose was and is merely to maintain the status quo in tax matters where such a "transfer is primarily a matter of form and not of substance * * *." *Rex Manufacturing Co.* v. *Commissioner*, 102 Fed. (2d) 325.

It can not be denied that the events described in the findings of fact were "in pursuance of a plan" which culminated in the transfer of the furniture and fixtures to petitioner. The performance of each step in the plan, following its adoption, was obligatory upon the parties thereto. See *Edwin L. Dana, supra.* That plan, as adopted, to which petitioner, DeWitt, and the Commercial Investment Trust, Inc., were parties, was executed. See *W. F. Kennemer*, 35 B. T. A. 415; affd., 96 Fed. (2d) 177.

The nomenclature and designation given by the parties to any of the transactions involved in the several steps in the plan, is not controlling. *Gossett* v. *Commissioner*, 59 Fed. (2d) 365. And, it may be observed, DeWitt treated this entire series of transactions as without tax consequence to it.

The fact that the idea prompting the transfer here was to prevent creditors from taking the property did not proscribe the transfer as a statutory reorganization. *Commissioner* v. *Kitselman*, 89 Fed. (2d) 458; certiorari denied, 302 U. S. 709; *Frederick L. Leckie*, 37 B. T. A. 252; *Rex Manufacturing Co.* v. *Commissioner, supra;* George *Whittell & Co.*, 34 B. T. A. 1070. And those cases, except the last, hold that the interposition of a conveyance by a trustee in bankruptcy or in foreclosure of a mortgage does not condemn the transfer as a reorganization. *A fortiori,* the conveyance here by the Commercial Investment Trust, Inc., to petitioner does not do so: That company acquired possession of the furniture and fixtures from DeWitt, solely upon its promise to so convey if no bids were received therefor higher than that which petitioner contracted to and did make. See *Edwin L. Dana, supra.*

The detailed steps in the execution of the plan as adopted and carried out here must be viewed as an entirety. *Edwin L. Dana, supra; Millicent Turle Roelker*, 39 B. T. A. 967; *C. A. Munroe*, 39 B. T. A. 685. When so considered, we think, DeWitt, in accordance with its agreement with petitioner, transferred a part of its assets, i. e., its equity in the furniture and fixtures, to petitioner for all of petitioner's stock, which was then distributed to the stockholders of DeWitt in proportion to their holdings of DeWitt's stock, without the surrender of their DeWitt stock.

Since the "trust" in petitioner's stock declared by Walter W. Lee, president of DeWitt, at least when supplemented by his assignment of that stock, was clearly only dry and passive, it must be considered executed here and the shareholders of DeWitt as the legal and equitable owners of all of petitioner's stock. *Matter of De Rycke,* 91 N. Y. S. 159; *Matter of Bell*, 253 N. Y. S. 118: See *Case* v. *Commissioner*, 103 Fed. (2d) 283.

Those facts, literally and actually, constituted a reorganization within the quoted definition (*supra*), and fit, exactly, the provisions of section 112 (b) (4) and 112 (g). And, aside from the apparent fact that no gain or loss was then realized by DeWitt, the transferor (sec. 111 (a) and (b)), cf. *Robert R. McCormick, Executor*, 33 B. T. A. 1046, no gain or loss was recognized to DeWitt.

The shareholders of petitioner thus then owned the same 100 percent interest or control in the same equity in the furniture and fixtures after the transfer to petitioner, as they did before, as stockholders of DeWitt.

We conclude that the contested basis for depreciation by petitioner on the furniture and fixtures here involved was DeWitt's original cost thereof, which was $260,173.94, adjusted under section 113 (b) (1) (B). Sec. 113 (a) (7). *Rex Manufacturing Co.* v. *Commissioner, supra.*

*Decision will be entered for the petitioner.*